Howell, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## John A. Letten v. Wm. Durbridge et al.

When a party is sued upon his promissory note, and pleads the want of consideration, he must swear to the truth of his allegations in order to obtain a trial by jury.
Where interrogatories were propounded to plaintiff, and parol testimony was adduced to show the capacity of the officer taking them, without objection, they cannot be objected to.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Emerson & Huntington*, for plaintiff.   *McPheeters*, for defendant.

Hyman, C. J. The defendant, William Durbridge, being sued on his promissory note, plead want of consideration, and prayed for a trial by jury.

The Judge of the District Court refused the prayer, tried the case without the intervention of a jury, and gave judgment against defendant. Defendant appealed.

He filed two bills of exception to the ruling of the lower Court.

The first is to the refusal of the Judge to permit the case to be tried by a jury. The affidavit made by defendant, to wit: that he expected to prove want of consideration of the note sued on, is insufficient.

To entitle him to the right of trial by jury, he should have sworn to the truth of the allegations in his plea of want of consideration. See Stat. 20th March, 1839, p. 172, § 24.

The second is to the refusal of the Judge to take, as confessed, certain interrogatories on facts and articles propounded by him, defendant, to his opponent.

The interrogatories were answered, but defendant contends that the official capacity of the person who took the answers to the interrogatories, or his authority to take them, is not shown; that the manner in which they were taken is informal, and that, therefore, he has the right to have the interrogatories as confessed.

The capacity of the officer who took the answers, and his authority to do so, was proved by parol, without any objection on the part of defendant to the admissibility of such evidence.

The Justice of the Peace who took the answers stated in his procès-verbal that the answers of the party, on his oath, to the interrogatories, were written by him, the Justice, in his presence, were read to and approved by said party, and that he, the Justice, caused the party to sign the answers. The Justice then signed the procès-verbal in his official capacity. The forms of law were complied with.

Judgment affirmed, with costs.

HOWELL, J., recused.